OPINION

Per Curiam:

This is an appeal from a judgment pursuant to a jury verdict awarding appellant $16,000 in damages for injuries she sustained in an automobile collision due to respondents’ negligence. Appellant alleges that the district court erred in not permitting an expert witness to testify. We agree. Accordingly, we reverse and remand for a new trial.
On November 14, 1988, Nancy Jean Leiper (“Leiper”) was injured when a cab driven by Sandor Margolis, an employee of the Western Cab Company (“Western Cab”), collided with her car. The cab struck Leiper’s car from behind as she made a left-hand turn. As a result of the accident, Leiper sustained fractures to her ischium (hip bone) and two of her ribs, and her car was extensively damaged.
Leiper sued Western Cab on a theory of negligence for personal injuries and for property damage. In February 1992, shortly before trial, Leiper filed a motion for a continuance based on trial counsel’s discovery that Leiper continued to receive medical care, allegedly because of the accident. Western Cab filed a countermotion in limine to preclude appellant from adducing evidence of that medical treatment and diagnosis on the basis that it was previously undisclosed. The district court denied Leiper’s motion for a continuance and granted Western Cab’s motion in limine. The district court also ordered that the parties *1014 could conduct additional discovery regarding this recent medical treatment should the case be continued due to a scheduling conflict. As it turns out, the trial was continued until October 11, 1993.
Before this October trial date, Western Cab filed another motion in limine to exclude, among other things, testimony of one of Leiper’s treating physicians, Dr. Russell Miller. Western Cab sought to exclude Dr. Miller’s testimony on the ground that his deposition did not support Leiper’s claim that her complaints were related to the automobile accident. Western Cab argued that Leiper did not have a witness “competent to testify to a reasonable degree of medical certainty” that her complaints were related to the accident. Leiper argues that Dr. Miller’s testimony went to the heart of the issues at trial in that he would have testified as to the extent of the injuries she suffered and how her subsequent medical condition related to the accident. The court minutes reflect that the district court granted Western Cab’s motion to exclude testimony of Dr. Miller. The basis for the district court’s ruling on this aspect of the motion in limine is undiscernible from the record.
After trial, the jury awarded Leiper $20,000 in damages, but concluded that she was twenty percent negligent, which reduced her award to $16,000. Leiper appeals, arguing, among other things, that the district court erred in prohibiting Dr. Miller from testifying because his testimony was vital to the issues at trial.
The first order of the district court granting Western Cab’s motion in limine in February was proper. Had Leiper been able to introduce testimony from one of her physicians concerning her hitherto undisclosed ailments on the eve of trial, Western Cab could have been unduly prejudiced. However, concerning Western Cab’s second motion in limine, filed after additional discovery and several days before the October trial date, we conclude that the district court abused its discretion in prohibiting Leiper from calling Dr. Miller as a witness.
It appears that Dr. Miller was one of Leiper’s key witnesses. Beginning in October 1990, he treated Leiper for various ailments. In July 1991, he examined her for a hip injury. Leiper argues that his testimony would have linked her subsequent ailments to the automobile accident.
Had Dr. Miller testified that Leiper’s injuries resulted from the accident, Leiper would have been able to testify to the pain and suffering accompanying those injuries.[1] Leiper is a percipient *1015 witness to her own condition, and, as such, is entitled to give testimony regarding her condition. While a lay witness may not give expert testimony as to the character or extent of her injury, she may testify as to her own health or physical condition. 32 C.J.S. Evidence § 546(22) (1964); Egede-Nissen v. Crystal Mountain, Inc., 606 P.2d 1214, 1221 (Wash. 1980).
For the reasons set forth above, we reverse and remand.

On the second day of trial, outside the presence of the jury, the district court stated that pursuant to the motion in limine, Leiper could not testify to her pain unless there was medical testimony to support permanent injury related to the accident.